**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CR. No. 06-45T** |
| | : | |
| | : | **Violation of Section 924(e)(1)** |
| **v.** | : | **of Title 18, U.S.C., Relating** |
| | : | **to Indictment CR. No. 06-45T** |
| | : | |
| | : | |
| **KENDALL ROSE** | : | |

**INFORMATION CHARGING PRIOR OFFENSES**

I, Robert Clark Corrente, United States Attorney for the District of Rhode Island, do accuse the defendant, KENDALL ROSE, who was charged by the United States Grand Jury in the District of Rhode Island on the 5th day of April, 2006 with possession of a firearm after conviction of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1), of having been previously convicted of violent felony offenses and serious drug offenses as described below:

1. On or about February 29, 2000, KENDALL ROSE was convicted in Providence County (Rhode Island) Superior Court (case number P2-1999-3968AG) of assault with a dangerous weapon, a violent felony offense punishable by imprisonment for a term exceeding one year, and was sentenced to a term of imprisonment of ten years, with two years to serve and eight years suspended, and was placed on probation for eight years.

2. On or about March 30, 2000, KENDALL ROSE was convicted in Providence County (Rhode Island) Superior Court (case number P2-2000-0735A) of one count of manufacture or delivery of a schedule I or II controlled substance, a serious drug offense punishable by imprisonment for a term exceeding ten years, and was sentenced to a term of imprisonment of thirteen years, with one year to serve and twelve years suspended, and was placed on probation for twelve years.

3. On July 10, 2002, KENDALL ROSE was convicted in Providence County (Rhode Island) Superior Court (case number P2-2002-1513A) of manufacture or delivery or possession with intent to deliver a schedule I or II controlled substance, a serious drug offense punishable by imprisonment for a term exceeding ten years, and was sentenced to a term of imprisonment of ten years, with thirty months to serve and ninety months suspended, and was placed on probation for ninety months.

WHEREFORE, the United States of America gives notice under 18 U.S.C. § 924(e)(1) that defendant KENDALL ROSE has three previous convictions for violent felony and serious drug offenses and therefore is subject to a fine of not more than two hundred fifty thousand dollars ($250,000) and a term of imprisonment of not less than (15) years, and such sentence shall not be suspended.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

PETER F. NERONHA
Assistant U.S. Attorney

April 19, 2006

Certificate of Service

I hereby certify that on the 19th day of April, 2006, a copy of the within "Information Charging Prior Convictions" was delivered by first class mail to Francis J. Flanagan, Esq., Sayer, Regan, Thayer & Flanagan, 130 Bellevue Avenue Suite 2, Newport, RI 02840.

pfn/jm:wd

Providence Superior Court

State of Rhode Island vs Kendall B Rose

Case No: P2-1999-3968AG

JUDGMENT OF CONVICTION AND COMMITMENT

On the date(s) below came the attorney for the State and the defendant, who appeared in person and by counsel, before the justice of the Superior Court named below.

Prosecutor: Stephen A Regine
Defense Attorney(s): James T. Mccormick

**IT IS ADJUDGED** that the defendant, having entered a plea or having been found guilty as charged of the offense(s):

Count 1: Asslt W/Dangerous Weapon, Guilty Plea To Amended Charge, Sentenced By Judge Krause, 29-Feb-2000

Full Sentence 10 Years
Term To Serve 2 Years retro to 3/9/00
Suspended 8 Years
Probation 8 Years
No Contact With Victim
Total Assessments $1125.00

Count 2: Carry Pistol W/O License, Guilty Plea As Charged, Sentenced By Judge Krause, 29-Feb-2000

Full Sentence 10 Years
Term To Serve 2 Years retro to 3/9/2000
Suspended 8 Years
Probation 8 Years

and the Court, having asked the defendant whether he/she has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,
**IT IS ADJUDGED** that the defendant is guilty as charged and convicted.
**IT IS ADJUDGED** that the defendant is hereby committed to the custody of the warden of the Adult Correctional Institutions for the period stated above.

STA... ...ODE ISLAND
S...REME COURT
JUDIC... ...DS CENTER
I here... ...ument
is ... ...oduction
of the ... ...file in the
R.I. Su... ...ecords Center
[signature] 3/3/06
Signature

[redacted]

**IF CONVICTED AFTER TRIAL,** the defendant has been advised of his/her right to appeal within twenty (20) days to the Supreme Court and of his/her right, if unable to pay the cost of an appeal, to apply for leave to be represented on appeal by the public defender or to appeal in forma pauperis.

**IT IS ORDERED** that the Clerk deliver a certified copy of this judgment to the proper authority of the Adult Correctional Institutions and that the copy serve as the commitment of the defendant.

TRUE COPY ATTEST

| | | |
|---|---|---|
| Clerk | Justice, Superior Court | 3/28/00<br>Date |

7 12-14

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

STATE OF RHODE ISLAND

vs.

KENDALL ROSE
alias John Doe

PROVIDENCE, SC.
CRIMINAL INFORMATION NO:
P2/99- 3968AG

## CRIMINAL INFORMATION

The Attorney General of the State of Rhode Island charges:

That KENDALL ROSE, alias John Doe, of Providence County, on or about the 26th day of July, 1999, in the City of Providence, in the County of Providence, did assault James Horton with intent to murder him, in violation of §11-5-1 of the General Laws of Rhode Island, 1956, as amended (Reenactment of 1994).

COUNT 2

That KENDALL ROSE, alias John Doe, of Providence County, on or about the 26th day of July, 1999, in the City of Providence, did, without a license, carry a pistol, to wit, hand gun on or about his person, in violation of §11-47-8(a) of the General Laws of Rhode Island, 1956, as amended (Reenactment of 1994).

Against the form of the statute in such case made and provided and against the peace and dignity of the State.

GEORGE PAGE
Assistant Attorney General
Designated by the Attorney General

STATE OF RHODE ISLAND
SUPREME COURT
JUDICIAL ... CENTER

I hereby ... is an ... of the ... R.I. Supr... ...ment ...duction ...e in the ...s Center

Signature 3/3/06 Date

SUPERIOR COURT
FILED
... JR.
99 NOV 29 ... 10:26

## REQUEST TO ENTER PLEA OF NOLO CONTENDERE [illegible]

☐ SUPERIOR COURT ☐ FAMILY COURT

| | |
|---|---|
| 1. STATE OF RHODE ISLAND<br>VS.<br>KENDALL ROSE | 2. CASE NO.<br>P2/99-3968 AG |
| 3.CHARGES<br>① ADW<br>② POSS PISTOL W/O LICENSE | 4. PENALTY<br>① 20 YRS MAX<br>② 10 YRS MAX |

I, the above named defendant, do hereby request Court permission to withdraw my present plea of **Not Guilty** and to enter a plea of **Nolo Contendere or Guilty.** I understand the plea of **Nolo Contendere** is for all purposes the same as a plea of **Guilty** and that I will be admitting sufficient facts to substantiate the charge(s) which has (have) been brought against me in the case to which this plea relates. I understand by changing my plea I will be giving up and waiving each and all of my following rights:

1. My right to a trial by jury or by a Judge, sitting without a jury, and my right to appeal to the Supreme Court from any verdict or finding of guilt.
2. My right to have the State prove each and every element of the charge(s) against me by evidence and proof beyond a reasonable doubt.
3. My right to the presumption of innocence.
4. My privilege against self-incrimination.
5. My right to confront and cross-examine the State's witnesses against me.
6. My right to present evidence and witnesses on my own behalf and to testify in my own defense if I choose to do so.
7. My right to appeal to the Rhode Island Supreme Court from the sentence imposed by the Court after the entry of my plea of **Nolo Contendere or Guilty.**
8. My right to have the Court obtain and consider a pre-sentence report before the imposition of sentence by the Court.

No promises have been made to me by my Attorney, the State's Attorney, or the Court, other than the fact the Court has agreed to impose the following sentence in addition to whatever money costs are imposed by law.

5. SENTENCE 10 YRS ACI, 2YRS TO SERVE, 8 YRS SUSPENDED WITH PROBATION, COUNTS ① + ② CONCURRENT.

I understand if the Court imposes the sentence referred to above, I will not be permitted to withdraw my plea of Nolo Contendere or Guilty except by permission of the Court.

**I UNDERSTAND THAT IF I AM A RESIDENT ALIEN, A SENTENCE IMPOSED AS A RESULT OF MY PLEA MAY RESULT IN DEPORTATION PROCEEDINGS OVER WHICH THIS COURT HAS NO CONTROL.**

I have discussed the entire contents of this form with my Attorney, who has explained it to me. I have no questions as to what it states and means, and I understand it completely. I swear to the truth of the above.

| | |
|---|---|
| 6. WITNESS (Attorney for the Defendant) Date 2/29/00<br>Signature James T. McC[illegible]<br>Print Name JAMES T. MC CORMICK Registration No. 2614 | 8. DATE/TIME STAMP<br>SUPERIOR COURT HENRY S. [illegible] 00 FEB 29 [illegible] 3:50 |
| 7. Defendant Date 2/29<br>Signature Kendall Rose<br>Print Name Kendall Rose | Produced from file in the Court Records Center 3/3/06<br>Date<br>Signature |

J-1 (REV. 2/99) CERTIFICATE OF JUDGE-ON REVERSE SIDE

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# CERTIFICATE OF JUDGE

☐ SUPERIOR COURT ☐ FAMILY COURT

| | |
|---|---|
| 1. STATE OF RHODE ISLAND<br>VS. | 2. CASE NO. |

This certifies that the defendant has come before me, in the presence of counsel, and presented the attached request, affidavit and attorney's certification. Thereupon, I addressed the defendant personally in open court, and established by responses to my questions that the defendant has been fully informed of the contents of the affidavit, all of the rights enumerated therein, and the nature and consequences of this plea as set forth therein. The defendant has also been made aware of the range of punishment which might be imposed, as well as any assurances made to the defendant by counsel, the prosecuting attorney or the court regarding a sentence. The Court finds the defendant has the capacity to understand all of the above.

I have also been satisfied by the prosecutor's statement of the facts, the defendant's answers, and the content of the affidavit that there is a factual basis for the plea. I find this plea is made voluntarily, intelligently, and with knowledge and understanding of all matters set forth in the attached request and affidavit.

| | |
|---|---|
| 3. JUSTICE | |
| Signature [illegible] | Date 2/29/06 |



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

[redacted]

Case No: [redacted]

JUDGMENT OF CONVICTION AND COMMITMENT

On the date(s) below came the attorney for the State and the defendant, who appeared in person and by counsel, before the justice of the Superior Court named below.

Prosecutor: David D. Prior
Defense Attorney(s): Stephen Thomas Morrissey

**IT IS ADJUDGED** that the defendant, having entered a plea or having been found guilty as charged of the offense(s):

Count 1: Manu/Deliv Sch I/Ii Cntrl Subs, Plea Of Nolo Contendere, Sentenced By Magistrate Mcatee, 30-Mar-2000

Full Sentence 13 Years
Term To Serve 1 Years retro to 1-10-2000
Suspended 12 Years
Probation 12 Years concurent with P2-1999-3968AG.
Total Assessments $968.00

and the Court, having asked the defendant whether he/she has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

**IT IS ADJUDGED** that the defendant is guilty as charged and convicted.

**IT IS ADJUDGED** that the defendant is hereby committed to the custody of the warden of the Adult Correctional Institutions for the period stated above.

**IF CONVICTED AFTER TRIAL,** the defendant has been advised of his/her right to appeal within twenty (20) days to the Supreme Court and of his/her right, if unable to pay the cost of an appeal, to apply for leave to be represented on appeal by the public defender or to appeal in forma pauperis.

**IT IS ORDERED** that the Clerk deliver a certified copy of this judgment to the proper authority of the Adult Correctional Institutions and that the copy serve as the commitment of the defendant.

TRUE COPY ATTEST

Clerk | Justice, Superior Court | Date

STATE OF RHODE ISLAND
SUPREME COURT
JUDICIAL RECORDS CENTER
I hereby cer... ...ument
is an exac... ...production
of the ori... ...n file in the
R.I. Supreme Cour... Records Center
3/3/06
Signature | Date

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

STATE OF RHODE ISLAND | PROVIDENCE, SC.

CRIMINAL INFORMATION NO:

P2/00- 0735A, B, C

vs.

A) KENDALL B. ROSE
alias John Doe
B) NELSON JAIME
alias John Doe
C) CHERYL BRODEUR
alias Jane Doe

## CRIMINAL INFORMATION

The Attorney General of the State of Rhode Island charges:

That KENDALL B. ROSE, alias John Doe, of Providence County, on or about the 6th day of January, 2000, in the City of Providence, in the County of Providence, did unlawfully deliver to to Nelson A. Jaime, a controlled substance, to wit, Cocaine, as set forth in Schedule II of §21-28-2.08 of the General Laws, as amended, in violation of §21-28-4.01(A)(2)(a) of the General Laws of Rhode Island, 1956, as amended (Reenactment of 1989).

SUPERIOR COURT
FILED
HENRY S. KINCH, JR.
00 FEB 22 AM 10:05

### COUNT 2

That NELSON JAIME, alias John Doe, of Providence County, on or about the 6th day of January, 2000, in the City of Providence, in the County of Providence, did unlawfully, with knowledge and intent possess a controlled substance, to wit, the chemical equivalent of a preparation of coca leaves in a form known as Cocaine, as set forth in Schedule II of §21-28-2.08 of the General Laws, as amended, in violation of §21-28-4.01(C)(1)(a) of the General Laws of Rhode Island, 1956, as amended (Reenactment of 1989).

STATE OF RHODE ISLAND
SUPREME COURT
JUDICIAL ... CENTER
I hereby ... is an ... of the R.I. Supreme ... in the ... Center
3/3/06
Date

That CHERYL BRODEUR, alias Jane Doe, of Kent County, on or about the 6th day of January, 2000, in the City of Providence, in the County of Providence, did unlawfully, with knowledge and intent possess a controlled substance, to wit, Cocaine, as set forth in Schedule II, of §21-28-2.08 of the General Laws, as amended, in violation of §21-28-4.01(C)(1)(a) of the General Laws of Rhode Island, 1956, as amended (Reenactment of 1989).

Against the form of the statute in such case made and provided and against the peace and dignity of the State.

George Page
Assistant Attorney General
Designated by the Attorney General

REQUEST TO ENTER PLEA OF NOLO CONTENDERE OR GUILTY

☑ SUPERIOR COURT ☐ FAMILY COURT

| | |
|---|---|
| 1. STATE OF RHODE ISLAND VS. Kendall Rose | 2. CASE NO. P2-2000-735A |
| 3. CHARGES Del of C.S. | 4. PENALTY up to 30 yrs. |

I, the above named defendant, do hereby request Court permission to withdraw my present plea of **Not Guilty** and to enter a plea of **Nolo Contendere or Guilty.** I understand the plea of **Nolo Contendere** is for all purposes the same as a plea of **Guilty** and that I will be admitting sufficient facts to substantiate the charge(s) which has (have) been brought against me in the case to which this plea relates. I understand by changing my plea I will be giving up and waiving each and all of my following rights:

1. My right to a trial by jury or by a Judge, sitting without a jury, and my right to appeal to the Supreme Court from any verdict or finding of guilt.
2. My right to have the State prove each and every element of the charge(s) against me by evidence and proof beyond a reasonable doubt.
3. My right to the presumption of innocence.
4. My privilege against self-incrimination.
5. My right to confront and cross-examine the State's witnesses against me.
6. My right to present evidence and witnesses on my own behalf and to testify in my own defense if I choose to do so.
7. My right to appeal to the Rhode Island Supreme Court from the sentence imposed by the Court after the entry of my plea of **Nolo Contendere or Guilty.**
8. My right to have the Court obtain and consider a pre-sentence report before the imposition of sentence by the Court.

No promises have been made to me by my Attorney, the State's Attorney, or the Court, other than the fact the Court has agreed to impose the following sentence in addition to whatever money costs are imposed by law.

5. SENTENCE Nolo 13 years, 1 year to serve 12 SS/probation. Concurrent + Retro. with P2-99-3968AG 1-10-2000 retro date

I understand if the Court imposes the sentence referred to above, I will not be permitted to withdraw my plea of Nolo Contendere or Guilty except by permission of the Court.

**I UNDERSTAND THAT IF I AM A RESIDENT ALIEN, A SENTENCE IMPOSED AS A RESULT OF MY PLEA MAY RESULT IN DEPORTATION PROCEEDINGS OVER WHICH THIS COURT HAS NO CONTROL.**

I have discussed the entire contents of this form with my Attorney, who has explained it to me. I have no questions as to what it states and means, and I understand it completely. I swear to the truth of the above.

| | | |
|---|---|---|
| 6. WITNESS (Attorney for the Defendant) Signature Stephen T. Morrissey<br>Print Name Stephen T. Morrissey | Date 3-30-00<br>Registration No. 3526 | 8. DATE/TIME STAMP |
| 7. Defendant Signature Kendall Rose<br>Print Name Kendall Rose | Date 3-30-00 | SUPERIOR COURT FILED HENRY S. KINCH, JR.<br>00 MAR 31 PM 3:27 |

3/3/06 Signature

J-1 (REV. 2/99)

CERTIFICATE OF JUDGE ON REVERSE SIDE

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# CERTIFICATE OF JUDGE

☐ SUPERIOR COURT ☐ FAMILY COURT

| | |
|---|---|
| 1. STATE OF RHODE ISLAND<br>VS. | 2. CASE NO. |

This certifies that the defendant has come before me, in the presence of counsel, and presented the attached request, affidavit and attorney's certification. Thereupon, I addressed the defendant personally in open court, and established by responses to my questions that the defendant has been fully informed of the contents of the affidavit, all of the rights enumerated therein, and the nature and consequences of this plea as set forth therein. The defendant has also been made aware of the range of punishment which might be imposed, as well as any assurances made to the defendant by counsel, the prosecuting attorney or the court regarding a sentence. The Court finds the defendant has the capacity to understand all of the above.

I have also been satisfied by the prosecutor's statement of the facts, the defendant's answers, and the content of the affidavit that there is a factual basis for the plea. I find this plea is made voluntarily, intelligently, and with knowledge and understanding of all matters set forth in the attached request and affidavit.

| | |
|---|---|
| 3. JUSTICE WILLIAM MCATEE | |
| Signature | Date 3-30-00 |

J-1 (REV. 2/99) REQUEST TO ENTER A PLEA OF NOLO CONTENDERE OR GUILTY— ON REVERSE SIDE

STATE OF RHODE ISL...

Rhode Island and Providence ... 

Providence Superior Court

State of Rhode Island vs Kendall B Rose

Case No: P2-2002-1513A

JUDGMENT OF CONVICTION AND COMMITMENT

On the date(s) below came the attorney for the State and the defendant, who appeared in person and by counsel, before the justice of the Superior Court named below.

Prosecutor: Feidlim E. Gill
Defense Attorney(s): Edward C. Roy

**IT IS ADJUDGED** that the defendant, having entered a plea or having been found guilty as charged of the offense(s):

Count 1: Man/Del/Poss W/Int Sch I/Ii, Plea Of Nolo Contendere, Sentenced By Judge Gale, 10-Jul-2002

Full Sentence 10 Years
Term To Serve 30 Months retro to 3-11-02
Suspended 90 Months
Probation 90 Months
Total Assessments $968.00

and the Court, having asked the defendant whether he/she has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

**IT IS ADJUDGED** that the defendant is guilty as charged and convicted.

**IT IS ADJUDGED** that the defendant is hereby committed to the custody of the warden of the Adult Correctional Institutions for the period stated above.

**IF CONVICTED AFTER TRIAL,** the defendant has been advised of his/her right to appeal within twenty (20) days to the Supreme Court and of his/her right, if unable to pay the cost of an appeal, to apply for leave to be represented on appeal by the public defender or to appeal in forma pauperis.

**IT IS ORDERED** that the Clerk deliver a certified copy of this judgment to the proper authority of the Adult Correctional Institutions and that the copy serve as the commitment of the defendant.

TRUE COPY ATTEST

Clerk | Justice, Superior Court | Date 8/2/02

# REQUEST TO ENTER PLEA OF NOLO CONTENDERE OR GUILTY

☒ SUPERIOR COURT ☐ FAMILY COURT

| 1. STATE OF RHODE ISLAND VS. Kendall Rose | 2. CASE NO. P2-2002-1513A |
|---|---|
| 3. CHARGES possession of a controlled substance with intent to deliver | 4. PENALTY 30 yrs ACI |

I, the above named defendant, do hereby request Court permission to withdraw my present plea of **Not Guilty** and to enter a plea of **Nolo Contendere or Guilty.** I understand the plea of **Nolo Contendere** is for all purposes the same as a plea of **Guilty** and that I will be admitting sufficient facts to substantiate the charge(s) which has (have) been brought against me in the case to which this plea relates. I understand by changing my plea I will be giving up and waiving each and all of my following rights:

1. My right to a trial by jury or by a Judge, sitting without a jury, and my right to appeal to the Supreme Court from any verdict or finding of guilt.
2. My right to have the State prove each and every element of the charge(s) against me by evidence and proof beyond a reasonable doubt.
3. My right to the presumption of innocence.
4. My privilege against self-incrimination.
5. My right to confront and cross-examine the State's witnesses against me.
6. My right to present evidence and witnesses on my own behalf and to testify in my own defense if I choose to do so.
7. My right to appeal to the Rhode Island Supreme Court from the sentence imposed by the Court after the entry of my plea of **Nolo Contendere or Guilty.**
8. My right to have the Court obtain and consider a pre-sentence report before the imposition of sentence by the Court.

No promises have been made to me by my Attorney, the State's Attorney, or the Court, other than the fact the Court has agreed to impose the following sentence in addition to whatever money costs are imposed by law.

5. SENTENCE 10 yrs. ACI, 30 months to serve, 7 1/2 yrs ACI suspended, 7 1/2 yrs. probation + costs

I understand if the Court imposes the sentence referred to above, I will not be permitted to withdraw my plea of Nolo Contendere or Guilty except by permission of the Court.

**I UNDERSTAND THAT IF I AM A RESIDENT ALIEN, A SENTENCE IMPOSED AS A RESULT OF MY PLEA MAY RESULT IN DEPORTATION PROCEEDINGS OVER WHICH THIS COURT HAS NO CONTROL.**

I have discussed the entire contents of this form with my Attorney, who has explained it to me. I have no questions as to what it states and means, and I understand it completely. I swear to the truth of the above.

6. WITNESS (Attorney for the Defendant) Date 7-10-02
Signature [signature]
Print Name Edward C. Roy Jr. Registration No. 3029

7. Defendant Date 7-10-02
Signature KendAll RosE
Print Name

8. DATE/TIME STAMP
SUPERIOR COURT FILED
HENRY S. KINCH, JR
02 JUL 10 PM 3:51
Providence ... Bristol ... Island

CERTIFICATE OF JUDGE ON REVERSE SIDE

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# CERTIFICATE OF JUDGE

☐ SUPERIOR COURT ☐ FAMILY COURT

| 1. STATE OF RHODE ISLAND<br>VS. | 2. CASE NO. |
|---|---|

This certifies that the defendant has come before me, in the presence of counsel, and presented the attached request, affidavit and attorney's certification. Thereupon, I addressed the defendant personally in open court, and established by responses to my questions that the defendant has been fully informed of the contents of the affidavit, all of the rights enumerated therein, and the nature and consequences of this plea as set forth therein. The defendant has also been made aware of the range of punishment which might be imposed, as well as any assurances made to the defendant by counsel, the prosecuting attorney or the court regarding a sentence. The Court finds the defendant has the capacity to understand all of the above.

I have also been satisfied by the prosecutor's statement of the facts, the defendant's answers, and the content of the affidavit that there is a factual basis for the plea. I find this plea is made voluntarily, intelligently, and with knowledge and understanding of all matters set forth in the attached request and affidavit.

| 3. JUSTICE Signature | Date 7/10/02 |
|---|---|

Court
Bristol

J-1 (REV. 2/99) REQUEST TO ENTER A PLEA OF NOLO CONTENDERE OR GUILTY – ON REVERSE SIDE